

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2006

# Smith v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Williamson" (2006). *2006 Decisions.* Paper 1370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3021
_____

KENNETH SMITH,
                              Appellant

v.

T. WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00058)
District Judge: Honorable William J. Nealon
_____

Submitted Under Third Circuit LAR 34.1(a)
February 9, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed March 29, 2006)

_____

OPINION
_____

PER CURIAM

     Kenneth D. Smith, a federal prisoner, appeals <u>pro</u> <u>se</u> the order of the United States

District Court for the Middle District of Pennsylvania denying his habeas petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will affirm the judgment of

the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. On March 24, 1999, Smith was arrested on state charges of robbery, theft, receiving stolen property, and carrying a firearm without a license. On June 10, 1999, the Pennsylvania Board of Probation and Parole ("the Board") revoked Smith's parole supervision from a previous state term. The Board then imposed a 12 month term of imprisonment. The state charges against Smith stemming from his March 24 arrest were nolle prossed the following month in favor of federal prosecution. Smith was delivered to the United States Marshals Service on July 15, 1999, on a writ of habeas corpus ad prosequendum to answer a federal charge of being a felon in possession of a firearm in the United States District Court for the Eastern District of Pennsylvania.

On April 25, 2001, Smith was sentenced by the District Court for the Eastern District of Pennsylvania to, inter alia, 120 month' imprisonment. The United States Marshals Service then returned Smith to the custody of the Commonwealth of Pennsylvania, placing his federal judgment and commitment order as a detainer. Based on his federal conviction, the Board found that Smith had committed new criminal conduct. Accordingly, on November 19, 2001, the Board imposed a 30 month term of imprisonment to run concurrent with Smith's 12 month term imposed on June 10, 1999.

Smith completed his state parole violator terms and was taken into federal custody on September 6, 2003. At that time, the Bureau of Prisons ("BOP") determined that Smith's federal sentence should be served consecutively to his state parole violator terms,

and credited Smith's sentence with the twenty-five months (March 24, 1999, through April 24, 2001) that he served prior to his sentencing in the District Court for the Eastern District of Pennsylvania. However, the BOP declined to credit Smith's federal sentence with the period from April 25, 2001, through September 5, 2003, because Smith spent that time serving his state parole violator terms. The BOP has calculated Smith's projected release date as September 9, 2010, via good conduct credits.

In January 2005, Smith filed the underlying § 2241 petition in the District Court for the Middle District of Pennsylvania. In his petition, Smith alleged that he is entitled to federal sentence credit for the period from April 25, 2001, through September 5, 2003. By order entered June 1, 2005, the District Court denied Smith's petition. Specifically, the District Court concluded that Smith was not entitled to federal sentence credit for the time period at issue because it had already been applied to Smith's state parole violator terms. This timely appeal followed.

We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). A federal prisoner is statutorily entitled to credit for time spent in official detention prior to the date his federal sentence commences that resulted from: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, if that time has not been credited against another sentence. 18 U.S.C. § 3585(b). Smith's federal sentence commenced on September 6, 2003, when he

was released by the Commonwealth of Pennsylvania and taken into federal custody. See 18 U.S.C. § 3585(a); United States v. Wilson, 503 U.S. 329, 333-34 (1992). Because the entire period between Smith's sentencing in the District Court for the Eastern District of Pennsylvania (April 25, 2001) and the date his federal sentence commenced (September 5, 2003) was spent in service of his state parole violator terms, the BOP could not credit Smith's federal sentence with any of that time. See, e.g., Wilson, 503 U.S. at 337 (explaining that a prisoner can "not receive double credit for his detention time"); Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000) (holding that 22 months spent serving state sentence prior to imposition of federal sentence could not be credited under § 3585(b)). Smith's arguments to the contrary are unavailing. In short, if Smith's federal sentence were credited for the time period from April 25, 2001, through September 5, 2003, he would be receiving improper double credit.

For the foregoing reasons, we will affirm the District Court's June 1, 2005, order.